

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN  AUSTIN 11, TEXAS

~~ATTORNEY GENERAL~~

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4371
Re: Whether Sec. 14, Art. 7047, R.C.
S. applies to bank regularly organiz-
ed and operating under the Banking
Laws of Texas if such bank lends money
on household furniture and takes a
chattel mortgage as security for the
loan; and related questions.

By your letter of March 20, 1942, you request the opinion of this department in response to six questions, the first five of which relate to the applicability of Section 14, Article 7047, R.C.S., and the sixth requesting our construction of Section 2, House Bill 678, Acts of the 47th Legislature. Your questions read:

"1. Does the Act apply to a banking institution, regularly organized as such and operating under the State Banking Laws of Texas, if the bank lends money on household or kitchen furniture and takes a chattel mortgage as security for the loan?

"2. Is a banking institution, person, firm or corporation who purchases unpaid chattel mortgages on household or kitchen furniture and takes an assignment of the mortgages, subject to the tax?

"3. Is a person, firm or corporation who lends money direct to individuals and takes a chattel mortgage (not an assignment) on their household or kitchen furniture subject to the tax?

"4. Are loan companies, operating under the 'Morris Plan,' who lend money and take for security a chattel mortgage on household or kitchen furniture, subject to the tax?

"5. Is a person, firm or corporation, who makes a business of lending money to individuals without security (so-called personal loan companies), subject to the Act?

"6. Article 61652, R.C.S., requires every 'loan broker' doing business in this State to keep a well-bound book record of all his transactions with other persons.

Section 2 of House Bill No. 678, an Act of the 47th Legislature, gives the Comptroller of Public Accounts power and authority to make and publish rules and regulations, not inconsistent with any

existing laws, for the enforcement of the provisions of the Act.

"Does the above mentioned provision of H. B. 678 give the Comptroller the authority to pass a rule and regulation requiring any person, firm or corporation in the business of lending money, to produce upon demand of the Comptroller or the Attorney General, any records required by Article 6165a, R.C.S., to be kept?"

The pertinent parts of Article 7047, R.C.S., read as follows:

"There shall be levied and collected from every person, firm, company or association of persons, pursuing any of the occupations named in the following numbered subdivisions of this article, an annual occupation tax, which shall be paid annually in advance, except where herein provided, on every such occupation or separate establishment, as follows:  . . ."

"Section 14. From loan brokers, as that term is defined by the laws of this State, an annual tax of one hundred and fifty dollars for each place of business."

Section 2 of House Bill 122, Acts 1927, 1st C.S., p. 30, Ch. 17, which has been codified as Section 2, Article 6165a, V.A.C.S., defines a loan broker in the following words:

"A loan broker is a person, firm, or corporation who pursues the business of lending money, purchasing salaries and taking for security for the payment of such loan and interest thereon an assignment of wages or assignment of wages with Power of Attorney to collect the same or other order for unpaid chattel mortgage or bill of sale upon household or kitchen furniture."

Section 8 of said House Bill 122, Acts 1927, 1st C.S., which has been codified as Article 1129a, Vernon's Penal Code, provides the penalty for violations of the law by loan brokers, as "loan broker" is defined in said Act.

In Ex parte Hutsell, 182 S.W. 458, our Court of Criminal Appeals had under consideration the construction of Chapter 28 of the Acts of the Thirty-fourth Legislature, defining and regulating "loan brokers." Section 1 of that Act defines a "loan broker" in the identical language used by the Legislature to define "loan brokers" in the Act here considered.

In that case the applicant for a writ of habeas corpus, who had been charged by complaint with the violation of said Act, of the 34th Legislature, sought release, contending that the Act was unconstitutional, and that he was, therefore, entitled to be discharged. In support of his contention he cited the case of Owens vs. State, 122 S.W. 1075. In holding the Act constitutional, the Court used this language:

"In the Owens case, supra, it is said:

" 'The Legislature may classify the subjects of taxation, and these classifications may, as they will, be more or less arbitrary; but, where the classification is made, all must be subjected to the payment of the tax imposed who, by the existence of the facts upon which the classification is based, fall within it, unless exempted under some other constitutional provision.'

"Tested by this rule of law, and since none doubt its correctness, the act under consideration would not be invalid. All persons, firms, or corporations who pursue the business defined are brought within its provisions; no person pursuing that business is exempted from the operation of the law, and none who do not follow that occupation are rewuired to pay the tax. It is levied on all who pursue that line of business. While a banker, or other money lender, who does not follow this occupation is not liable to the tax, the very moment the banker or any other money lender does engage in this occupation he becomes subject to the tax and all provisions of the law. We do not think it a capricious classification; for it selects a well-defined class, men engaged in a specific character of business, and places all within this class under the operation of the law."

We think that every person, firm or corporation pursuing the business of "loan broker" as defined by Section 2, Article 6165a, V.A.C.S., is subject to the Act. Ex parte Hutsell, supra. We, therefore, answer your questions Nos. 1, 3 and 4 in the affirmative. A person, firm or corporation, however, who purchases unpaid chattel mortgages on household furniture, taking an assignment of such mortgage, is not engaged in the "lending of money " nor does he fall within any of the other provisions of Article 6165a, V.A.C.S., defining a "loan broker." Consequently, your question No. 2 must be answered in the negative. On the other hand, "lending money" without security does not subject one to the tax provided by said Article 6165a, because that Article provides that he must be engaged in lending money, and taking certain specified security for the payment of the loan. Therefore, your question 5 must also be answered in the negative.

We now consider your question No. 2. Sections 1 and 2, House Bill No. 678, Acts, 1941, 47th Legislature, codified as Article 7947a-20, V.A.C.S., provide:

"Section 1. The Comptroller of Public Accounts of the State of Texas is, from January 1, 1942, the effective date of this Act, authorized and required to collect, and all persons, firms, corporations, or assiciations shall pay to the Comptroller of Public Accounts, all State occupation taxes levied upon any occupation or business by Article 7047, Revised Civil Statutes of Texas of 1925, and House Bill 514, Acts of 1931, Forty-second Legislature, page 447, Chapter 267, and House Bill No. 20, Acts of 1927, Fortieth Legislature, page 324, Chapter 220, any law or parts of laws to the contrary notwithstanding.

"Section 2. The Comptroller of Public Accounts shall have the power and authority to make and publish rules and regulations, not inconsistent with any existing laws or with the Constitution of this State or of the United States, for the enforcement of the provisions of this Act and the collection of revenues hereunder."

It therefore appears that a loan broker is subject to an occupation tax (Art. 7047, Sec. 14, supra), and that the Comptroller is charged with its collection, and vested with rule-making power in connection therewith. It is our opinion that the Comptroller is authorized to promulgate a rule requiring loan brokers to submit to an inspection of their records when necessary for the enforcement of the subject tax statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Fowler Roberts

Fowler Roberts
Assistant

APPROVED APRIL9, 1942
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion Committee
By B W B
Chairman

FR:ej:egw